# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**MARIA PEREZ, on her own behalf and others similarly situated,**

                **Plaintiff,**

**-vs-**                                          **Case No.  2:07-cv-756-FtM-29DNF**

**EXTREME CARE, INC., a Florida corporation, MAUREEN KAUFMAN, individually,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On September 19, 2008, the parties filed a Joint Stipulation for Dismissal With Prejudice (Doc. 19), on September 30, 2008, the parties filed a Joint Memorandum Regarding Settlement (Doc. 21), and on October 1, 2008, the parties filed a Notice of Re-filing Corrected Fully Executed Settlement Agreement (Doc. 22). The Plaintiff, Maria Perez and the Defendants, Extreme Care, Inc. and Maureen Kaufmann are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case with prejudice. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.

*Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant and performed cleaning work. The Plaintiff was represented by counsel throughout this litigation. The parties have disputed issues. The Plaintiff initially estimated that she was owed between $6,316.00 to $9,204.00 for unpaid wages. The parties exchanged discovery and filed a Case Management Report prior to settling this matter at mediation. The Court reviewed the Mediated Settlement Agreement, dated September 12, 2008 (Doc. 22-2). The parties settled for the amount of $5,950.00 for damages, and $7,050.00 for attorney's fees, and costs. The Plaintiff's counsel spent a total of 37.3 hours in this matter at a rate of $265.00 per hour. Based upon this case proceeding to the stage of filing a Case Management Report, exchanging discovery, and taking the depositions of the Plaintiff and the Defendant Kaufmann, the Court finds the amount of

attorney's fees to be reasonable. The Court finds that the settlement in the amount of $13,000.00 is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Stipulation for Dismissal With Prejudice (Doc. 19) be granted, and the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __2nd__ day of October, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record